UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION at LONDON

CIVIL ACTION NO. 07-409-DLB

STEPHEN M. BALTIMORE,                                                                        PLAINTIFF,

V.                          **MAGISTRATE JUDGE'S REPORT
                              AND RECOMMENDATION**

MICHAEL J. ASTRUE,
Commissioner of Social Security,                                                            DEFENDANT.

## I.  INTRODUCTION

Plaintiff, Stephen Baltimore, brings this action under 42 U.S.C. § 405(g) to challenge the Defendant Commissioner's final decision denying Plaintiff's application for benefits.  This matter has been referred to the undersigned for preparation of a report and recommendation pursuant to 28 U.S.C. § 636 (b)(1)(B). [R. 12]. Now ripe for decision on the parties' motions for summary judgment, and for the reasons set forth herein, it is recommended that the Plaintiff's Motion for Summary Judgment [R. 10] be denied, the Defendant's Motion for Summary Judgment [R. 11] be granted, and that Judgment be entered affirming the final decision of the Commissioner.

## II.  FACTUAL BACKGROUND & PROCEDURAL HISTORY

The Plaintiff was born in 1956 and was 47 years old on the alleged onset date of his disability. [Tr. 65]. The Plaintiff completed high school, and he lists that since graduation he has since received additional training in computers and word processing. [R. 109]. He is divorced and currently resides alone. [Tr. 405]. The Plaintiff lists his employment experience as follows: a washer

operator for Great Western Coal Company from 1981 to 1995 [Tr. 88]; flea market operator from 1998-2000 [Tr. 103]; and owner-operator of a taxi company from 2000-2003 [Tr. 88]. He previously filed applications for a period of disability and Disability Insurance Benefits [hereinafter "DIB"], as well as for Supplemental Security Income [SSI] which were denied in a decision rendered by Administrative Law Judge Joan Lawrence on June 23, 2005. [Tr. 41-47].

The Plaintiff claims that his current period of disability began on December 31, 2003. [Tr. 65]. In the Disability Report, Form SSA-3368, the conditions Plaintiff claimed as limiting his ability to work were heart disease, diabetes and black lung. [Tr. 102]. At the time of his application, the Plaintiff was taking medications for his heart ailment, as well as for diabetes, blood pressure and cholesterol. [Tr. 108]. The record contains extensive documentation of the Plaintiff's medical history, particularly the period ranging from 1994 to 2007, as well as reports from consultative examinations conducted during the pendency of the Plaintiff's application for benefits.

As a result of his impairments, the Plaintiff protectively filed for a period of disability, DIB and SSI on September 14, 2005. [Tr. 65-67, 379-384]. His claims were initially denied on May 15, 2006 [Tr. 54-57; 386-89], and were denied upon reconsideration on August 14, 2006. [Tr. 58-60; 391-94]. Following the denial, he properly requested a hearing in front of an Administrative Law Judge [ALJ]. On April 25, 2007, a hearing was held in front of ALJ James Alderisio in Middlesboro, Kentucky. [Tr. 400]. The Plaintiff was present and was represented by counsel, John Hunt Morgan. [Id.] Testimony was presented by the Plaintiff, as well as by vocational expert William Ellis. [Tr. 400-414].

The ALJ ruled against the Plaintiff in a written opinion dated July 20, 2007. [Tr. 16-24]. The ALJ found that the Plaintiff suffered from the following severe combination of impairments: "a

history of coronary artery disease, status post angioplasty with stent placement, status post previous myocardial infarction in 2001, non-insulin dependent diabetes mellitus, a history of hypertension, and a history of hyperlipidemia (20 CFR 404.1520(c) and 416.920(c)." [Tr. 19]. Despite these conditions, the ALJ found that "[t]he claimant does not have an impairment or combination of impairments that meets or medically equals one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1." [Tr. 19]. Continuing with his evaluation, ALJ Alderisio found that the Plaintiff retained the residual functional capacity to perform light work, with several limitations. [Tr. 20]. The ALJ found that the Plaintiff was unable to perform any past relevant work, but that "considering the [Plaintiff's] age, education, work experience, and residual functional capacity, there are jobs that exist in significant numbers in the national economy that the [Plaintiff] can perform." [Tr. 22]. Based on these findings, the ALJ determined that the Plaintiff was not under a "disability" as defined by the Social Security Act. [Tr. 23]. Following the adverse decision of the ALJ, the Plaintiff properly exhausted his administrative remedies by appealing to the Social Security Appeals Council, which denied his request for review. [Tr. 6-8].

On November 30, 2007, the Plaintiff initiated the present action by filing a complaint in the United States District Court for the Eastern District of Kentucky. [R. 2]. In his Motion for Summary Judgment [R. 10], the Plaintiff claims that the ALJ's opinion should be reversed for two reasons: first, the ALJ improperly discounted the Plaintiff's complaints of disabling pain; and second, the ALJ impermissibly failed to accord sufficient weight to the testimony of Dr. Adam Lewis, one of the Plaintiff's treating physicians. [Id. at 5-9]. In response to the Plaintiff's first argument, the Defendant states that "the Plaintiff's subjective complaints were properly evaluated, and the ALJ's credibility finding is supported by substantial evidence." [R. 11 at 12]. As to the second argument, the

Defendant first questioned whether Dr. Lewis qualified as a treating physician, and then responded that the ALJ properly found that Dr. Lewis' opinion "was not supported by the objective evidence of record, and was inconsistent with Plaintiff's treatment history and his activities of daily living." [R. 12 at 5]. The parties having fully briefed the issues, this matter is ripe for adjudication.

### III . STANDARD OF REVIEW

A reviewing court must uphold the findings of the ALJ if they are supported by substantial evidence. 42 U.S.C. § 405(g)(2006); see also Kirk v. Sec'y of Health & Human Servs., 667 F.2d 524, 535 (6th Cir. 1981). The Sixth Circuit has held that "substantial evidence exists when a reasonable mind might accept the relevant evidence as adequate to support a conclusion." Warner v. Comm'r of Soc. Sec., 375 F.3d 387 (6th Cir. 2004) (internal quotations and citations omitted). The scope of judicial review is limited to the record itself, and the reviewing court "may not try the case de novo, nor resolve conflicts in evidence, nor decide questions of credibility." Hogg v. Sullivan, 987 F.2d 328, 331 (6th Cir. 1993).

The limited nature of substantial evidence review prevents the reviewing court from substituting its judgment for that of the ALJ. Rather, so long as substantial evidence exists, the reviewing court should affirm the ALJ's decision "even if there is substantial evidence in the record that would have supported an opposite conclusion." Longworth v. Comm'r Soc. Sec. Admin., 402 F.3d 591, 595 (6th Cir. 2005) (internal quotations and citations omitted). Sixth Circuit precedent suggests that a finding of "no substantial evidence" would be appropriate in situations where the ALJ ignores uncontested, compelling evidence for one side, makes no express findings on witness credibility and makes a ruling based on facts with "little if any evidentiary value." Noe v. Weinberger, 512 F.2d 588 (6th Cir. 1975); see also, Glass v. Sec'y of Health, Educ. & Welfare, 517

F.2d 224 (6th Cir. 1975). Otherwise, if there is substantial evidence to support the ALJ's decision, "it must be affirmed even if the reviewing court would decide the matter differently." Cutlip v. Sec'y of Health & Human Servs., 25 F.3d 284, 286 (6th Cir. 1994).

## IV. ANALYSIS

To determine whether a claimant is "disabled" within the meaning of the Social Security Act, an ALJ undertakes a five-step sequential evaluation process pursuant to 20 C.F.R. §§ 404.1520, 416.920. Step one examines the claimant's work activity to determine whether she is engaged in "substantial gainful activity." 20 C.F.R. § 404.1520(a)(4). Step two is a determination of whether the claimant has a medically determinable "severe impairment" or combination of impairments that qualify as severe. Id. Step three determines whether the claimant's impairments meet the criteria set forth in the regulations to categorize an individual as "disabled." Id. The fourth step examines whether the claimant retains any "residual functional capacity" and whether the claimant can return to her past relevant work. Id. Finally, if the claimant is unable to return to any past relevant work, it must be determined whether she has the residual functional capacity to do any other work. Id.

In the present case, the ALJ first noted that the prior opinion of ALJ Joan Lawrence, which was handed down on June 23, 2005, is res judicata as to the Plaintiff's condition prior to that decision. [Tr. 16]. Therefore, the present decision "address[es] the time period beginning with the first date of the unadjudicated period, that being, June 24, 2005." [Id.] Both parties agree with this analysis by the ALJ and concede the limited time period of this review. [R. 10 at 2; R. 11 at 2].

ALJ Alderisio conducted the five-step evaluation in the present case, and at the first step he found that the Plaintiff was not engaged in substantial gainful activity. [Tr. 18]. At the second step of the evaluation, the ALJ found that the Plaintiff suffered from a severe combination of impairments

5

based on: "a history of coronary artery disease, status post angioplasty with stent placement, status post previous myocardial infarction in 2001, non-insulin dependent diabetes mellitus, a history of hypertension, and a history of hyperlipidemia (20 CFR 404.1520(c) and 416.920(c))." [Tr. 19]. However, he found that the Plaintiff's impairments did not qualify him as "disabled." [Tr. 19]. Continuing with the evaluation, the ALJ found that the Plaintiff:

> has the residual functional capacity to perform light work except no climbing of ladders, ropes or scaffolds; no more than occasional stooping, crouching or crawling; no exposure to extreme heat or cold; no exposure to vibrating machinery; no driving jobs; and no exposure to dust, fumes, smoke or noxious gases.

[Tr. 20]. Based on this residual functional capacity, the ALJ held that the Plaintiff was unable to return to his past relevant work. [Tr. 22]. Despite the fact that the Plaintiff cannot return to his past work, the ALJ determined that there are a significant number of jobs that the Plaintiff can perform in the national economy, and thus, he is not disabled. [Tr. 22-23].

The Plaintiff has challenged two aspects of the ALJ's decision.[1] First, the Plaintiff has challenged the ALJ's decision that the Plaintiff's subjective complaints of pain are not entirely credible. Second, the Plaintiff challenges the ALJ's decision to, at least partially, discount the opinion of Dr. Adam Lewis. These arguments will be addressed in turn.

---

[1] The Plaintiff supports his arguments by referencing an x-ray report dated March 27, 2007. [Tr. 395]. This evidence was not presented to the ALJ, but only to the Appeals Council. If evidence was not presented to the ALJ it cannot be used in the substantial evidence review, but may only be used as a possible basis for a remand under sentence six of 42 U.S.C. § 405(g). See Cline v. Comm'r of Soc. Sec., 96 F.3d 146 (6th Cir. 1996). Therefore, the x-ray will not be considered in the substantial evidence review, and the Plaintiff has not met the burden of showing that a sentence-six remand is proper in this case. Sizemore v. Sec'y Health & Human Servs., 865 F.2d 709, 711 (6th Cir. 1988).

6

### A. ALJ's Finding Regarding Plaintiff's Credibility is Supported By Substantial Evidence

It is clearly established that a reviewing court is to accord the ALJ's credibility determinations "great weight and deference, particularly since an ALJ is charged with the duty of observing the witness's demeanor and credibility." Jones v. Comm'r of Soc. Sec., 336 F.3d 469, 476 (6th Cir. 2003). The ALJ's credibility determination is particularly important in any case involving a "determination of disability based on pain [because such a case] by necessity depends largely on the credibility of the claimant." Villarreal v. Sec'y of Health and Human Servs., 818 F.2d 461, 463 (6th Cir. 1987) (internal quotation and citation omitted). Even though it is entitled to great deference, an ALJ's assessment of credibility must be supported by substantial evidence. See Beavers v. Sec'y of Health, Educ. & Welfare, 577 F.2d 383, 386-87 (6th Cir. 1978).

In the present case, the ALJ made the following finding regarding the credibility of the Plaintiff:

> After considering the evidence of record, I find that the claimant's medically determinable impairments could reasonably be expected to produce the alleged symptoms, but that the claimant's statements concerning the intensity, persistence and limiting effects of these symptoms are not entirely credible.
>
> In making this finding, I considered all symptoms and the extent to which these symptoms can reasonably be accepted as consistent with the objective medical evidence and other evidence, based on the requirements of 20 CFR 404.1529 and 416.929 and SSRs 96-4p and 96-7p.

[Tr. 21]. The regulations set forth a detailed list of factors that must be taken into account when making a credibility decision. See 20 CFR § 404.1529(c)(1)-(3). An ALJ may not satisfy the requirements of the regulations by simply reciting these factors, but rather, he must state "specific reasons for the finding on credibility, supported by the evidence in the case record, [which] must be

7

sufficiently specific to make clear to the individual and to any subsequent reviewers the weight the adjudicator gave to the individual's statement and the reasons for that weight." SSR 96-7p, "Policy Interpretation Ruling Titles II and XVI: Evaluation of Symptoms in Disability Claims: Assessing the Credibility of an Individual's Statements."(July 2, 1996).

In the case *sub judice*, the ALJ complied with the regulations governing the evaluation of subjective complaints of pain. The ALJ initially made the determination that the claimant had medically-determinable impairments that could reasonably produce the symptoms alleged. [Tr. 21]. This finding is not challenged by the Plaintiff. The second step of this evaluation is a determination of the extent to which the symptoms alleged by the claimant "limit the claimant's ability to do basic work activities." [Tr. 20]. In making this second determination, the ALJ is required to "make a finding on the credibility of the statements based on a consideration of the entire case record." [Id.]. In addition to considering the objective medical evidence, regulations require an ALJ to examine the following factors to determine the credibility of a claimant's complaints regarding pain and other symptoms:

1. The claimant's daily activities;
2. The location, duration, frequency and intensity of the claimant's pain or other symptoms;
3. Factors that precipitate or aggravate the symptoms;
4. The type, dosage, effectiveness, and side effects of any medication the claimant takes or has taken to alleviate pain or other symptoms;
5. Treatment, other than medication, the claimant receives or has received for relief of pain or other symptoms;
6. Any measures other than treatment the claimant uses or has used to relieve pain or other symptoms (e.g., laying flat on his or her back, standing for 15 to 20 minutes every hour, or sleeping on a board); and
7. Any other factors concerning the claimant's functional limitations and restrictions due to pain or other symptoms (SSR 96-7p).

[Tr. 20-21 *citing* 20 CFR § 404.1529(c)(3)].

The ALJ examined these factors, and found that the record does not contain evidence supporting the Plaintiff's claims that pain or other symptoms preclude him from the "performance of all work activities." [Tr. 21]. The following excerpts summarize the ALJ's finding regarding the effect of pain and other symptoms on the Plaintiff's ability to work:

> [A] claimant's limited use of pain medication, failure to sustain any consistent medical regimen for treatment, lack of hospitalizations or emergency room visits, or other significant treatment for pain constitute specific evidence which supports a conclusion that pain and other symptoms are not disabling. In fact, the claimant's allegations of pain and other symptoms have been somewhat vague and unpersuasive and unsupported by reliable medical source information. ... The claimant's treatment has remained sporadic and conservative in nature. ... Despite the intensity of his complaints, the claimant's physical condition has not required emergency room treatment or hospitalization for inpatient management of uncontrolled symptoms during any relevant period. ...
>
> Likewise, the claimant has described daily activities which are not limited to the extent one would expect, given the complaints of disabling symptoms and limitations. ... At the hearing, the claimant testified that he lives alone and does all the household chores such as preparing meals, washing dishes and vacuuming. In addition, the claimant is still capable of general adaptive activities including taking care of his personal needs. Documentary and testimonial evidence shows that, in fact, he participates in a variety of activities no [sic] commensurate with a physically handicapped individual.

[Tr. 21]. This does not represent the sort of unsubstantiated, conclusory findings that are forbidden by the regulations. See SSR 96-7p. Rather, these findings represent the ALJ's detailed analysis of the evidence, and his ultimate determination regarding the credibility of the Plaintiff's testimony. Such detailed, reasonable explanations should not be second-guessed by this Court on review. See Sadler v. Comm'r of Soc. Sec., 1999 WL 137621 at *3 (6th Cir. 1999).

A reviewing court should "decline to give substantial deference to [an] ALJ's unexplained credibility finding." Harris v. Heckler, 756 F.2d 431, 436 (6th Cir. 1985). Otherwise, the credibility finding of an ALJ should rarely be disturbed. See Kirk v. Sec'y of Health & Human Servs., 667 F.2d

9

254 (6th Cir. 1981).The ALJ's finding in this case is supported by substantial evidence. It is not conclusory, nor is it based upon an arbitrary "sit and squirm" test that places undue emphasis on totally subjective criteria. See Aubeuf v. Schweiker, 649 F.2d 107 (2d Cir. 1981). The ALJ supported his credibility finding with accurate citations to the medical record and to the factors enunciated in 20 CFR § 404.1529. This Court must, therefore, accord the credibility finding the high level of deference to which it is normally entitled.

**B.    The ALJ's Did Not Err in Discounting Opinion of Dr. Adam Lewis**

The second argument put forth by the Plaintiff is that the ALJ erred by failing to accord greater weight to the testimony of Dr. Adam Lewis. [R. 10 at 7]. Specifically, the Plaintiff claims that Dr. Lewis is a treating physician, and that the ALJ erred by discounting Dr. Lewis' opinion; Dr. Lewis opined that he "believe[d] Mr. Baltimore to be an appropriate candidate for disability secondary to his profound and debilitating medical history." [Tr. 367]. In relation to this statement, the ALJ made a finding that: "I find no substantial evidence to support this opinion. It is not supported by objective evidence, and is not consistent with the claimant's own treatment history or with his testimony as to his daily activities." [Tr. 22].

Regardless of whether Dr. Lewis is a treating physician, which is contested by the Defendant, his opinion regarding the Plaintiff being "disabled" is not entitled to weight from the ALJ.. The regulations state the following about such opinions:

> (e)    Medical source opinions on issues reserved to the Commissioner. Opinions on some issues, such as the examples that follow, are not medical opinions as described in paragraph (a)(2) of this section, but are, instead, opinions on issues reserved to the Commissioner because they are administrative findings that are dispositive of the case; i.e., that would direct the determination or decision of disability.
> (1)    Opinions that you are disabled. We are responsible for making the

>> determination or decision about whether you meet the statutory definition of disability. In do doing, we review all of the medical findings and other evidence that support a medical source's statement that you are disabled. A statement by a medical source that you are "disabled" or "unable to work" does not mean that we will determine that you are disabled.
>
> (3) We will not give any special significance to the source of an opinion on issues reserved to the Commissioner described in paragraphs (e)(1) and (e)(2) of this section.

20 CFR § 404.1527(e). Dr. Lewis is a "medical source" as defined in 20 CFR 404.1502 and 404.1513, and thus, any statement that he makes indicating that he believes the Plaintiff to be "disabled" is not entitled to weight from the ALJ. Even assuming, *arguendo*, that Dr. Lewis is a treating source, his opinion as to whether the Plaintiff is "disabled" is not entitled to deference from the ALJ, as the regulations specifically reserve such determinations to the ALJ.

The ALJ was not required to give special weight to Dr. Lewis' statement that the Plaintiff was "disabled." Furthermore, the ALJ expressly noted his reasons for discounting Dr. Lewis' opinion as to the ultimate issue of disability. [Tr. 22]. The ALJ's decision to discount Dr. Lewis' opinion on disability is supported by substantial evidence, and does not provide a basis for granting the Plaintiff relief in this Court.

## V. CONCLUSION

For the foregoing reasons, it is recommended that the Plaintiff's Motion for Summary Judgment [R. 10] be denied, the Defendant Commissioner's Motion for Summary Judgment [R. 11] be granted, and that Judgment be entered affirming the final decision of the Commissioner.

Specific objections to this Report and Recommendation must be filed within ten days from the date of service thereof or further appeal is waived. United States v. Campbell, 261 F.3d 628, 632

(6th Cir. 2001); Bituminous Cas. Corp. v. Combs Contracting Inc., 236 F. Supp. 2d 737, 749-750 (E.D. Ky. 2002). General objections or objections that require a judge's interpretation are insufficient to preserve the right to appeal. Cowherd v. Million, 380 F.3d 909, 912 (6th Cir. 2004); Miller v. Currie, 50 F.3d 373, 380 (6th Cir. 1995). A party may file a response to another party's objections within ten days after being served with a copy thereof. 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b).

      Signed September 11, 2008.

Signed By:
*Edward B. Atkins*   *EBA*
**United States Magistrate Judge**